THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LATIN UNO, INC., et al.,**

   **Plaintiffs**

   **v.**

**UNIVISION COMMUNICATIONS, INC.,**

   **Defendant.**

Civ. No. 15-2122 (ADC)

## OPINION AND ORDER

I.    **INTRODUCTION**

Co-plaintiffs Latin Uno, Inc. ("Latin Uno"), and its president, Agustín Rosario ("Rosario") (collectively "plaintiffs"), producers of television programs and residents of Puerto Rico, filed a diversity claim for damages due to alleged breach of contract, tortious interference with contractual obligations, and tortious conduct under Puerto Rico law against defendant Univisión Communication, Inc. ("UCI" or "defendant"), for the alleged cancellation by UCI of a television program titled *La Azotea* "shortly before it was scheduled to be aired." **ECF No. 1** at 9; *see also id.* at 2; **ECF No. 9** at 2, 3. UCI filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 for plaintiffs' failure to join Univisión Puerto Rico, Inc. ("UPR"), as defendant. **ECF No. 8**. According to UCI, even though it is "the ultimate parent company of all Univisión entities," UPR is Univisión's operating company in Puerto Rico and the party to the alleged production agreement with Latin Uno, that is object of this case. *Id.* at 3, 4.

UCI asserts that UPR is a non-diverse, indispensable party in the instant case which, if included, would destroy the Court's diversity jurisdiction. **ECF Nos. 8, 18**. Plaintiffs filed an opposition, UCI a reply, and plaintiffs a sur-reply. **ECF Nos. 15, 18, 22**. For the reasons discussed herein, the Court **GRANTS** UCI's motion to dismiss. **ECF Nos. 8.**

## II. LEGAL FRAMEWORK

Pursuant to Fed. R. Civ. P. 12(b)(7) ("Rule 12(b)(7)"), a party may move for dismissal of an action for failure to join a party under Fed. R. Civ. P. 19 ("Rule 19"). Rule 19 involves a two-step process to determine whether a party must be joined. *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 14-19 (1st Cir. 2008). First, under Rule 19(a), a court must decide whether a party is necessary. "Necessary parties are those 'who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'"[1] *Z & B Enterprises, Inc. v. Tastee-Freez Intern., Inc.*, 162 F.App'x 16, 19 (1st Cir. 2006) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)).

---

[1] Specifically, Fed. R. Civ. P. 19(a)(1) provides as follows:

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If a party is a necessary one, the Court must then ask whether joinder is feasible. Fed. R. Civ. P. 19(b). Joinder is not feasible if it will deprive the court of subject matter jurisdiction. *Picciotto*, 512 F.3d at 17. In that case, the second determination that must be made under Rule 19 is whether the party is indispensable such that, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *see Picciotto*, 512 F.3d at 18, 19. In conducting this analysis, the Court should consider whether, in light of the particular circumstances of the case, efficiency and fairness require that a person be joined as a party. *Rivera Rojas v. Loewen Group Intern., Inc.*, 178 F.R.D. 356, 362 (D.P.R. 1998) (citing *Pujol v. Shearson/American Exp., Inc.*, 877 F.2d 132, 134 (1st Cir. 1989)). In assessing indispensability, the court should consider: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties; (2) the extent to which any prejudice could be lessened or avoided" by post-judgment relief; "(3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder." Fed. R. Civ. P. 19(b)(1)-(4). "These four factors are overlapping." *Rivera Rojas*, 178 F.R.D. at 362.

"The movant [of a Rule 12(b)(7) motion] has the burden of showing why the absent party should be joined. To meet this burden, the movant may submit affidavits or other relevant evidence." *Id.* at 360–61 (internal citations omitted). In that respect, "a court ruling on a [Rule] 12(b)(7) motion may consider evidence outside the pleadings." *Id.* at 360. Furthermore, "when a factbound jurisdictional question looms, a court must be allowed considerable leeway in

weighing the proof, drawing reasonable inference, and satisfying itself that subject-matter jurisdiction has attached." *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 364 (1st Cir. 2001).

## III. FINDINGS OF FACT PERTINENT TO THE ISSUES OF UPR AS INDISPENSABLE PARTY AND THE COURT'S SUBJECT MATTER JURISDICTION

Consistent with the above standards, the Court draws the following findings of fact from the pleadings and UCI's documents in support of its motion to dismiss—that is, copies of pages from two past production service contracts between UPR and Latin Uno; and statements under penalty of perjury by Jessica Rodríguez ("Rodríguez"), Chief Marketing Officer of Univisión Management Co., and Jaime Bauzá ("Bauzá"), Vice President and General Manager of UPR. **ECF Nos. 1, 8-1 to 8-4**. "The claim that an indispensable party has not been joined does not go to the merits of the suit or bar the action[,] and only operates to abate the particular action." 5C Wright and Miller, *Federal Practice and Procedure*, § 1359 at 71, n. 19 (3d ed.).[2] Accordingly, the findings of fact below shall not be construed as an adjudication on the merits of the breach-of-contract and tortious interference causes of action in this case. Instead, the findings are narrowly drawn to adjudicate only the questions of UPR as an indispensable party and as to the Court's subject matter jurisdiction in this diversity action.

---

[2] Citing *Bekins v. Zhelznyak*, 2016 Wage & Hour Cas. 2d (BNA) 8115, 2016 WL 126729, *2 (C.D.Cal. 2016); *In re Classicstar, LLC*, No. 10-8059, 2011 WL 652744, *6 (B.A.P. 6th Cir. 2011); *Crane v. North Salem State Bank*, No. 1: 10-cv-0561, WL 837187 (S.D.Ind. 2011); *Addison v. CNX Gas Co., LLC*, No. 1:10cv0065, 2011 WL 1791655, *7 (W.D.Va. 2011), amended and superseded, 2011 WL 4553090 (W.D.Va. 2011); *Brown v. West Valley Environmental Services, LLC*, 10CV210A, 2010 WL 3369604, *7 (W.D.N.Y. 2010); *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp.2d 22 (D.Mass. 2000); *Dredge Corp. v. Palmer*, 338 F.2d 456, 464 (9th Cir. 1964); *Silverton v. Valley Transit Cement Co.*, 140 F. Supp. 709 (S.D.Cal. 1955), affirmed on other grounds, 249 F.2d 409 (9th Cir. 1957)); *Currier v. Currier*, 1 F.R.D. 683 (D.C.N.Y. 1941).

In that respect, the Court rejects plaintiffs' contention that the controversy regarding UPR as an indispensable party should not be adjudicated at this stage because it is allegedly intertwined with the merits of plaintiffs' causes of action, thus warranting discovery and litigation. **ECF Nos. 15** at 15; 22. On the contrary, the Court deems that the elements of the claims for damages due to alleged breach of contract and tortious interference with contractual obligations are separable from the question of whether UPR is an indispensable party to the law suit.[3] *See Valentín*, 254 F.3d at 363-364, n. 3. In this case, "[t]he question of indispensable parties, being inherent in the issue of jurisdiction, should be determined at the outset on the motions to dismiss and should not await a decision on the merits." *See* **ECF Nos. 1, 8, 9, 18**; *Hutchison v. Fulton*, 117 F. Supp. 659, 661 (N.D. Ala. 1953) (citing *Calcote v. Texas Pac. Coal & Oil Co.*, 157 F.2d 216 (5th Cir. 1946)). Furthermore, the information before the Court at this stage is sufficient to reach the pertinent findings of fact for the adjudication of the motion to dismiss at hand.

1. Latin Uno is a corporation organized under the laws of Puerto Rico with its principal place of business in Puerto Rico. It is engaged "in the business of providing works

---

[3] Latin Uno's breach of contract claim is predicated on Articles 1213 and 1230 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 3391, 3451, which provide that a contract is constituted with the convergence of "(1) the consent of the contracting parties. (2) A definite object which may be the subject of the contract. (3) The cause for the obligation which may be established[;]" and that "[c]ontracts shall be binding, whatever may be the form in which they may have been executed, provided the essential conditions required for their validity exist." *See* **ECF Nos. 1** at 9-11; **15** at 6. Moreover, Latin Uno's claim for tortious interference with contractual obligations and Rosario's claim for tortious conduct are based on Puerto Rico's general tort statute and allegations regarding: "1) the existence of a contract; 2) that the interfering party acted with intent and knowledge of the existence of a contract; 3) that plaintiff suffered damages; and 4) that there exists a causal link between the injury and the interfering party's actions." *See Alpha Biomedical & Diagnostic Corp. v. Philips Med. Sys. Netherland BV*, 828 F. Supp. 2d 425, 430 (D.P.R. 2011) (citing *New Commc'n Wireless Servs. Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002) (citing *Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc.*, 15 P.R. Off. Trans. 727, 734, 115 D.P.R. 553 (1984))); P.R. Laws Ann. tit. 31, §§ 5141 et. seq.; **ECF Nos. 1** at 1, 11-13; **15** at 7-8.

and services for the production of television programs to be provided or sold to media companies for the transmission via television." **ECF No. 1** at 2. Rosario is Latin Uno's President and Chief Executive Officer, and his domicile is in Puerto Rico. *Id*.

2.   Defendant UCI is a corporation organized under the laws of Delaware with headquarters in New York. It has television network operations in Florida, and television, radio stations and sales offices throughout the United States. **ECF Nos. 1** at 2; **9** at 3.

3.   UPR, a subsidiary of UCI, is a corporation organized under the laws of Delaware, registered to do business in Puerto Rico. Its principal place of business is in Puerto Rico. UPR is a media and entertainment company that owns and operates television and radio stations in Puerto Rico.[4] **ECF Nos. 1** at 2; **8-4** at 1; **9** at 3.

4.   Latin Uno engaged in production contracts with UPR from approximately 2012 until 2015, including the production of the television programs titled *Rubén & Co.* and *TV Ilegal*. **ECF Nos. 1** at 5; **9** at 4; **8-1**; **8-2**. In the copies of pages from two past production contracts

---

[4] This finding is supported not only by the case's pleadings and UCI's supporting documents in its Rule 12(b)(7) motion, but also by previous decisions in this District. For instance, in *Oliva de Cuebas, et al., v. Univisión Puerto Rico, Inc.*, 05-cv-1808 (PG), another Judge granted UPR's motion to dismiss for lack of subject matter jurisdiction in a diversity action. He held that that UPR's principal place of business and operations are Puerto Rico; its "physical assets and employees are situated in Puerto Rico[;] . . . [its] programming strategy is designed exclusively for Puerto Rico, its sales, marketing and strategic planning are all conducted in Puerto Rico, and 90% of its income is generated from advertising sales in Puerto Rico." *Id*. at 3-4. Furthermore, the District of Puerto Rico's case docket reveals that UPR has been a party as the sole Univisión entity in multiple other cases under federal question jurisdiction. *See, e.g.*, *Bosch v. Coca Cola Company, et al.*, 18-cv-1123 (WGY-MBB) (copyright infringement claim in which UPR is one of the co-defendants); *Cintrón Vázquez v. Univisión of Puerto Rico, Inc.*, 11-cv-1302 (DRD) (employment claim); *Unión de Periodistas, Artes Gráficas y Ramas Anexas v. Univisión de Puerto Rico, Inc.*, 09-cv-2044 (CCC) (labor claim); *Olivieras Zapata v. Univisión Puerto Rico, Inc.*, 09-cv-1987 (BJM) (employment claim).

submitted by UCI in support of its Rule 12(b)(7) motion, UPR appears as the sole contracting party with Latin Uno. **ECF Nos. 8-1**; **8-2**.

5. In January 2015, Rosario presented a proposal for the production by Latin Uno of a new television program titled *La Azotea*. **ECF Nos. 1** at 5; **9** at 4. Although there are issues of fact as to whom and by what means Rosario submitted said proposal, it is uncontested that on February 20, 2015, Ilia Arroyo ("Arroyo"), UPR's Director of Programming and Operations; Jorge Pietri of UPR's Finance Department; and Bauzá met with Rosario regarding the same. **ECF Nos. 1** at 6; **9** at 5. Also in attendance at the aforementioned meeting was Rodríguez of Univisión Management Co. *Id.*; **ECF No. 8-3**. She declared in a statement under penalty of perjury that "UCI is a holding company and the ultimate parent company of all Univisión entities, including UPR and Univisión Management Co. There are several entities between UCI and UPR in the corporate organizational structure." *Id.* at 1.

6. During February and March 2015, negotiations ensued regarding the terms and conditions of the production agreement of *La Azotea*, resulting in an e-mail sent to Latin Uno, by Arroyo, regarding the acceptance of a budget increase and the project's proposal. **ECF Nos. 1** at 6; **9** at 5. Plaintiffs contend that it was UCI who "had Arroyo write and send" the aforementioned e-mail, whereas UPR avers that the e-mail in question "was sent on behalf of UPR." *Id*. Bauzá stated in his statement under penalty of perjury that negotiations for the production of *La Azotea* "were led by members of [his] team who are UPR employees." **ECF No. 8-4** at 1.

7. In a meeting held on March 13, 2015, where UPR staff and Rodríguez were present, Rosario was informed that *La Azotea* would not go forward. **ECF Nos. 1** at 7; **9** at 5. There are issues of fact as to whether the parties reached a final, contractually binding agreement, and if so, whether UCI and/or UPR were parties to the same; the full terms of the agreement; whether there was any contractual breach and by whom; whether there were tortious acts and by whom; and the degree of contractual and/or tort liability of UCI and/or UPR.

## IV. DISCUSSION

### A. UPR is a Necessary Party Under Rule 19(a).

Under the applicable standards summarized above, the first step of the inquiry regarding a Rule 12(b)(7) motion is whether the absent party in question is necessary under Rule 19(a). Plaintiffs contend, in essence, that UPR is not a necessary party, because

> It was [defendant] UCI the one that negotiated the terms and accepted the contract proposal and later the one that canceled it. With regards to the contract UPR acted as a mere shell, instrumentality, alter ego or agent of UCI. UCI is therefore the other party to the contract with Latin Uno for the production of the [sic] "La Azotea," it is responsible for its breach, and it is directly liable to Latin Uno for the damages that it has caused it to sustain as a result thereof.

**ECF No. 15** at 6. However, neither the above findings of fact nor applicable law support plaintiffs' contention. It has been held in this District that,

> As a general rule, the use of the alter ego doctrine has been unsuccessful as a means to avoid the joinder of a nondiverse party. . . . The critical question is whether the two corporations have preserved their separate corporate identities. *Taber Partners*, 987 F.2d at 62.[5] The mere fact that the parent corporation exerts a high degree of control over its subsidiary will not be sufficient. *See Taber Partners*, 987 F.2d at 62–

---

[5] *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57 (1st Cir. 1993).

> 63; *U.S.I. Properties*, 860 F.2d at 7[6] (allegations that parent controlled subsidiary's budget, policies, and procedures did not justify piercing the corporate veil); *Topp*, 814 F.2d at 836[7] (fact that parent made subsidiary's financial decisions was insufficient; two corporations had separate ledgers, minutes books, registers of stock, bank accounts, and facilities); *de Walker*, 569 F.2d at 1171–73.[8] Even though the parent may "call the shots" with the subsidiary, their corporate identities should remain separate if the corporate formalities have been followed. *Taber Partners*, 987 F.2d at 61–63.

*Rivera Rojas*, 178 F.R.D. at 364.

In the case at hand, defendant UCI is a holding company with multiple subsidiaries, including UPR. While the exact relationship between UCI and UPR is at issue regarding the degree of control of the latter over the former, especially as it pertains to the production agreement of *La Azotea*, the record reveals that UPR is a Puerto Rico based corporation in the local television and radio industries that has appeared and litigated in this District as the sole Univisión entity in multiple cases. In that respect, in spite of plaintiffs' alter ego theory about UPR, the Court has no reason to doubt that UPR is a bona fide corporation endowed with the capacity to incur in contractual obligations, sue and be sued. In fact, the record shows that UPR has engaged contractually with Latin Uno in the past regarding the production of previous television programs that were aired by UPR—*Rubén & Co.* and *TV Ilegal*. Additionally, UPR managers were present in meetings and executed correspondence with Latin Uno, regarding the production of *La Azotea*.

---

[6] *U.S.I. Properties Corp. v. M.D. Const. Co., Inc.*, 860 F.2d 1 (1st Cir. 1988).
[7] *Topp v. Compair Inc.*, 814 F.2d 830 (1st Cir. 1987).
[8] *de Walker v. Pueblo Int., Inc.*, 569 F.2d 1169 (1st Cir. 1987).

In light of the above, the Court holds that UPR is a necessary party under Rule 19(a). "A subsidiary may be a necessary party if plaintiffs seek to impose liability on a parent corporation for the acts of the subsidiary[;] if the subsidiary entered into contracts which are at the core of the controversy[;] or if the subsidiary—not the parent—is the employer of plaintiffs in a dispute over an employment agreement." *Rivera Rojas*, 178 F.R.D. at 361 (citations omitted) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559–60 (5th Cir. 1985) (rejecting the alter ego doctrine as the basis of avoiding joinder of a nondiverse subsidiary insofar as it was a primary participant in the events that led to a tort claim); *F & M Distributors v. American Hardware Supply Co.*, 129 F.R.D. 494, 497–98 (W.D.Pa. 1990); *López v. Shearson American Express, Inc..* 684 F. Supp. 1144, 1146–48 (D.P.R. 1988) (corporation's nondiverse subsidiary was both a party to be joined if feasible and an indispensable party, inasmuch as it was an active participant in a dispute involving both the parent and the subsidiary companies)).

Even though plaintiffs attempt to portray UCI as the sole Univisión entity that negotiated with them regarding *La Azotea*, the case's pleadings and the documents on record support UPR's contention that the latter "had a substantial and important involvement in the facts that give rise to [p]laintiffs' breach of contract and tortious interference claims." **ECF No. 8** at 6, 7. Thus, in its absence, the Court "cannot accord complete relief among the existing parties," *see* Fed. R. Civ. P. 19(a), particularly since there are issues of fact that warrant discovery and litigation as to the extent of both UPR's and UCI's alleged participation and liability, if any, regarding *La Azotea*. In that respect, UPR clearly has an interest in this litigation, and its absence as a party would,

"as a practical matter[,] impair or impede [its] ability to protect the interest." See *id*. For instance, if the case were heard in UPR's absence, "even without a direct preclusive effect, an adverse judgment could be persuasive precedent in a subsequent proceeding [against it] and would weaken [its] bargaining position for settlement purposes." *See Picciotto*, 512 F.3d at 16; *see also González v. Cruz*, 926 F.2d 1, 6 (1st Cir. 1991); *Rivera Rojas*, 178 F.R.D. at 365.

### B. It is not Feasible to Join UPR as a Party in This Case.

As held above, while UCI is a diverse party, UPR is non-diverse, because as it is based in and operates out of Puerto Rico. **ECF No. 1** at 1, 2. Thus, joining UPR as a party is not feasible, because doing so would destroy the Court's subject matter jurisdiction over this diversity case. 28 U.S.C. § 1332; *see Picciotto,* 512 F.3d at 17. As such, the Court must now inquire whether UPR is an indispensable party under Rule 19(b). *See Picciotto,* 512 F.3d at 17-19.

### C. UPR is an Indispensable Party Under Rule 19(b).

Plaintiffs argue that even if UPR were to be considered a necessary party in this case under Rule 19(a), which plaintiffs deny, it would not be an indispensable party under Rule 19(b). Specifically, according to plaintiffs, if UPR were joined as a party, UCI and UPR would be co-obligors of the damage claim for breach of contract and joint tortfeasors as to the tort claims. Thus, pursuant to applicable law regarding jointly liable parties, plaintiffs assert that it is not indispensable to join both Univisión entities as parties to fully adjudicate this case. **ECF No. 15** at 10-12.

However, as discussed above, there are issues of fact about the degree of participation of UCI and UPR regarding *La Azotea*. That includes questions as to whether the alleged production contract was perfected, and if so, whether the contracting party was UCI, UPR, or both. Thus, plaintiffs' theory about the joint nature of UCI and UPR's liability is not dispositive in its favor regarding UPR's Rule 12(b)(7) motion. While in some cases, a co-obligor or a joint tortfeasor may be a necessary party under Rule 19(a) but not an indispensable one that shall be joined if feasible under Rule 19(b), that is not the case here. UPR is an indispensable party insofar as it may be the party to the production agreement or the sole contracting party defendant in this case.[9] *See, e.g., Rivera Rojas*, 178 F.R.D. at 365 ("A contracting party is the paradigmatic example of an indispensable party.").

Furthermore, the four factors under Rule 19(b) favor UPR's contention that it is an indispensable party. First, "[o]ur view of the prejudice to [UPR] as a result of proceeding in its absence tracks our earlier analysis under Rule 19(a); an adverse ruling would, as a practical matter, impair [UPR's] probability of success in a future proceeding and reduce [UPR's] ability to reach a favorable settlement." *See Acton Co., Inc., of Mass. v. Bachman Foods, Inc.*, 668 F.2d 76, 81 (1st Cir. 1982) (citing *Provident Tradesment Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968)); *see also* Fed. R. Civ. P. 19(b)(1). Second, "[a]n adverse judgment on the merits [in UPR'S absence] would necessarily affect [UPR's] interest in the action." *See Acton Co.*, 668 F.2d at 81.

---

[9] Plaintiffs' allegations within the complaint even make clear that in January 2015, Latin Uno presented its proposal to (through) UPR and met to discuss the same with UPR's Director of Programming and Operations and UPR's General Manager. **ECF No. 1** at 5, 6.

The Court can think of no means by which "any prejudice could be lessened or avoided" in this case if it were to proceed in UPR's absence. *See* Fed. R. Civ. P. 19(b)(2). Third, a judgment rendered in UPR's absence would be inadequate, since UPR appears to be a (or the) contracting party defendant regarding *La Azotea*. *See* Fed. R. Civ. P. 19(b)(3). Finally, the Puerto Rico Court of First Instance would be an appropriate forum before which to litigate the instant claim on damages, arising under Puerto Rico law entirely. *See id.* at R. 19(b)(4).

## V.    CONCLUSION

For the reasons discussed above, defendant Univisión Communication Inc.'s motion to dismiss the complaint for lack of indispensable party under Fed. R. Civ. P. 12(b)(7), **ECF No. 8**, is hereby **GRANTED**. The Clerk of the Court shall enter judgment dismissing the case without prejudice.  Plaintiffs' motions requesting orders at **ECF Nos. 24, 25, 26** are **MOOT**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of January,  2019.

                                      **S/AIDA M. DELGADO-COLÓN**
                                      **United States District Judge**